G. M. TUCKER v. ASHCRAFT GIN AND MILL COMPANY.

(Filed 22 April, 1925.)

**Appeal and Error—Agreement as to Facts—Evidence—Inference—New Trials.**

Where the parties to a civil action have agreed after verdict and judgment upon the case so as to present the question of law on appeal, a new trial will be ordered if the facts so agreed upon permit of inferences favorable to both of the contending parties and sufficient to support a verdict in favor of both of them.

APPEAL by plaintiff from *Lane, J.,* at August Term, 1924, of UNION.

The issues were answered as follows:

1. Was J. I. Green acting as agent of G. M. Tucker in making sale to the defendants of the lumber in controversy in this action? Answer: No.

2. If so, did J. I. Green disclose to the defendants at the time of making the contract that he was agent of G. M. Tucker? Answer: No.

3. Did the J. I. Green Lumber Company, after making the contract with the Ashcraft Gin and Mill Company for the sale of the lumber, assign the account for same to plaintiff, G. M. Tucker? Answer: Yes.

4. Was the J. I. Green Lumber Company indebted to defendants in an amount exceeding the account assigned to G. M. Tucker, as alleged in the answer? Answer: Yes.

*John C. Sikes and Vann & Milliken for plaintiff.*
*Parker & Craig for defendants.*

ADAMS, J. There was evidence tending to show that the defendant had contracted to purchase two carloads of lumber from the Green Lumber Company, which at that time was indebted to the defendant in an amount exceeding the contract price; that the Green Lumber Company had assigned the "accounts" or "orders" to the plaintiff, who had caused the lumber to be shipped, and that the lumber had been received by the defendant. The plaintiff brought suit to recover the amount alleged to be due and a controversy arose as to whether the debt was due the plaintiff or the Green Lumber Company.

At the close of the evidence each party moved for a directed verdict, and thereupon for the purpose of reducing the controversy to a question of law, facts agreed were submitted to the court. The judge directed a verdict in favor of the defendant, and the plaintiff excepted and appealed.

An inspection of the facts agreed leads us to the conclusion that they are inconsistent, if not contradictory; that more than one reasonable inference may be deduced from them, and that under these circumstances the directed verdict cannot be upheld. If the parties are unable to agree upon a more definite and specific statement of the facts, the issues should be left to the jury with proper instruction as to the law. *In re Will of Margaret Deyton,* 177 N. C., 494; *Phillips v. Giles,* 175 N. C., 409.

For the error assigned a new trial is granted.

New trial.